UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:25-0399-01 |
| | § | |
| RAUL ARMANDO RAMIREZ CORREA | § | |

## PLEA AGREEMENT

The United States of America, by and through John G.E. Marck, Acting United States Attorney for the Southern District of Texas, and Anibal J. Alaniz and Casey N. MacDonald, Assistant United States Attorneys, and the defendant, Raul Armando Ramirez Correa ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 2 and Count 6 of the indictment. Count 2 of the indictment charges the Defendant with dealing in firearms without a license in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D) and Count 6 of the indictment charges the Defendant with conspiracy to possess with the intent to distribute a controlled substance, namely, more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and

841(b)(1)(A). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

### Count 2

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D), is imprisonment of not more than 5 years (class D felony) and a fine not to exceed $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 21, United States Code, Sections 841(b)(1)(A). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(2) and 3583(e)(3).

### Count 6

The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), is imprisonment of not less than 10 years and up to life imprisonment (class A felony) and a fine of not more than

2

$10,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years. *See* Title 21, United States Code, Sections 841(b)(1)(A). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 5 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or

4

"collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.     Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the

5

possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.  Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.  The United States agrees to each of the following:

(a)  If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and

6

the Court to allocate their resources more efficiently;

(b) The United States will recommend that the sentences imposed for Counts 2 and 6 run concurrently.

### Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run

consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14.    Defendant is pleading guilty because he is in fact guilty of Counts 2 and 6 of the indictment. If this case were to proceed to trial, the United States could prove

9

each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

### Count 2

a.    On May 2, 2025, the Defendant communicated via text message with an Federal Bureau of Investigations ("FBI") confidential source and offered to sell the confidential source a Canik T9 firearm for $1,000.

b.    Subsequently, the Defendant communicated with the confidential source and told the confidential source that he would not be able to deliver the firearm but would send his wife instead.

c.    The confidential source drove to the Sterling Point Apartments located at 7979 Westheimer Road and waited in the parking lot. Shortly thereafter, Defendant's wife arrived, she walked up to the confidential source's vehicle and handed the confidential source a firearm. The confidential source gave the Defendant's wife $1,000 in exchange for the firearm.

d.    The firearm given to the confidential source was a loaded Canik T9 bearing serial number T6472-21 BH 28431.

e.    The Defendant engaged in the business of selling firearms at wholesale or retail, that is, he devoted time, attention and labor to dealing in firearms as a

regular course of trade or business with the principal objective of livelihood and profit through the repetitive resale of firearms.

f.    The Defendant did not possess a license under federal law to engage in such a business.

g.    The Defendant engaged in such a business willfully, that is, the Defendant was dealing in firearms with the knowledge that his conduct was unlawful.

## Count 6

h.    In June 2025, two FBI confidential sources told the Defendant and co-defendant Ember Gutierrez Ternawsky ("Ternawsky") that they needed assistance in transporting cocaine.

i.    The Defendant and Ternawsky assembled a group to transport the cocaine and to scout for law enforcement during its transportation.

j.    The confidential sources agreed to pay the Defendant and Ternawsky $10,000 for transporting the cocaine.

k.    On June 26, 2025, the Defendant, Ternawsky and others traveled to the Ikea Store located at 7810 Katy Freeway in Houston, Texas where they met with the confidential sources.

11

l.    At the Ikea Store parking lot, the confidential sources told the Defendant and Ternawsky to follow them to a nearby location where the cocaine was located.

m.    The Defendant, Ternawsky and others followed the confidential sources to a strip of warehouses.

n.    At the warehouse, the confidential sources gave the Defendant, Ternawsky and the others 2 briefcases and told them that each briefcase contained 7 kilograms of cocaine.

o.    The confidential sources gave Ternawsky $10,000 in cash for the transportation of the cocaine.

p.    The Defendant entered into an agreement with at least one other person to possess with intent to distribute a controlled substance.

q.    The Defendant knew the unlawful purpose of the agreement.

r.    The Defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose, namely, by (1) negotiating the transportation of a controlled substance, (2) recruiting others to assist in the transportation of the cocaine, and (3) taking possession of a briefcase believing it contained a controlled substance.

s.    The overall scope of the conspiracy involved 5 kilograms or more of cocaine.

t.    The Defendant knew or reasonably should have known that the scope of the conspiracy involved 5 kilograms or more of cocaine.

## Breach of Plea Agreement

15.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

16.    Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary

penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations.

## Restitution (N/A)

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $_____. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution. (If this is a Child Sex Abuse Material ("CSAM") case, please use the CSAM Plea Agreement go-by on the Aerie and USATABS.)

14

## Forfeiture (N/A)

21.  As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:];

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $_____ from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

## Financial Statement

18.  Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to

15

the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

19. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

20. This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless

16

in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

21.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on April 29, 2026.

_____
Raul Armando Ramirez Correa
Defendant

Subscribed and sworn to before me on April 29, 2026.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By:  _____
Deputy United States District Clerk

APPROVED:

JOHN G.E. MARCK
Acting United States Attorney

By: _____
Anibal J. Alaniz
Assistant United States Attorney

_____
Molly Bagshaw
Attorney for Defendant

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA     §

    §

v.     §     Criminal No. 4:25-0399-01

    §

RAUL ARMANDO RAMIREZ CORREA   §

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      04-29-2026
Molly Bagshaw                         Date
Attorney for Defendant

18

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          04-29-2026
Raul Armando Ramirez Correa                Date
Defendant

19